IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN TETER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-1994 |
| | : | |
| v. | : | |
| | : | |
| ANDREW M. SAUL, Commissioner of Social Security Administration,[1] | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 28th day of April, 2020, after considering the complaint (Doc. No. 2), the answer (Doc. No. 11), the administrative record (Doc. No. 10), the plaintiff's brief and statement of issues in support of his request for review (Doc. No. 13), the defendant's response to the plaintiff's request for review (Doc. No. 14), the plaintiff's reply to the defendant's response to the request for review (Doc. No. 17), the report and recommendation filed by the Honorable Marilyn Heffley (Doc. No. 18), the defendant's objection to the report and recommendation (Doc. No. 22), and the plaintiff's response to the objection (Doc. No. 23), it is hereby **ORDERED** as follows:

1. The clerk of court shall **REMOVE** this matter from civil suspense and **RETURN** it to the undersigned's active docket;

2. The defendant's objection to the report and recommendation (Doc. No. 22) is **OVERRULED**;[2]

---

[1] Andrew M. Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019, for a six-year term that expires on January 19, 2025. *See* https://www.ssa.gov/agency/commissioner.html (last visited August 12, 2019). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Commissioner Saul as the defendant in this action.

[2] This court's review of the contested portion of the report and recommendation is plenary. The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

3. The report and recommendation (Doc. No. 18) is **APPROVED** and **ADOPTED**;

4. The plaintiff's request for review is **GRANTED IN PART**;[3]

5. The decision of the Commissioner of Social Security Administration is **REVERSED** to the extent the matter is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with the report and recommendation (Doc. No. 25); and

6. The clerk of court shall **CLOSE** this case.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). "Review of a final decision of the Commissioner of Social Security, however, is limited to determining whether the decision is supported by substantial evidence." *Abney v. Colvin*, Civ. A. No. 13-6818, 2015 WL 5113315, at *3 (E.D. Pa. Aug. 31, 2015) (citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted).
  In the objection, the defendant argues that

> The Third Circuit Court of Appeals has not yet issued a mandate in *Cirko* [*ex rel. Cirko v. Comm'r of Soc. Sec*, 948 F.3d 148 (3d Cir. 2020)], and on March 9, 2020, the government filed a petition for rehearing in that case. This Court must follow *Cirko* as binding precedent, but we present our argument here to preserve the issue for potential further review.

Def.'s Obj. to the Magistrate Judge's R. & R. ("Def.'s Obj.") at 2, Doc. No. 22. The defendant's objection is actually a "request that the Court hold its decision in this case until the Third Circuit Court of Appeals has ruled on the rehearing petition in *Cirko* and has issued its mandate." *Id*. at 4. Given that on March 26, 2020, the Third Circuit entered an order denying the defendant's petition for rehearing by the panel and by the court *en banc*, this court finds there is no reason to hold a decision in this case. *Cirko* is binding precedent and must be followed. To wait until a mandate is issued would unreasonably delay this case and possible benefits to the plaintiff. Accordingly, the court overrules the defendant's objection.

[3] The court does not need to discuss the plaintiff's remaining claims at this time, since the court is remanding the case to the Commissioner for a hearing before a different Administrative Law Judge ("ALJ") who has been properly appointed pursuant to the Appointments Clause of the United States Constitution. *See Steinberger v. Barnhart*, No. Civ. A. 04-5383, 2005 WL 2077375, at *4 (E.D. Pa. Aug. 24, 2005) ("Having concluded . . . that remand to the ALJ for a new evidentiary hearing is appropriate, the Court will not address [the] other arguments for remand, as the ALJ's findings may be revised in any decision issued following the new hearing.").

2